STARLING v. HILL et al.

No. 2013.

Court of Civil Appeals of Texas. Waco.

Nov. 3, 1938.

Rehearing· Denied Dec. 1, 1938.

Carden, Starling, Carden & Hemphill and Thompson, Knight, Baker, Harris & Wright, all of Dallas, for plaintiff in error.

John W. Pope, Sr., John Davis, R. L. Sullivan, Bern Wilson, and Hughes & Munroe, all of Dallas, Burr S. Cameron, of Linden, and Read, Lowrance & Bates, of Dallas, for defendants in error.

ALEXANDER, Justice.

This suit was brought by Joe M. Hill, as receiver for Midwest Mortgage Corporation, against Lee I. Starling, L. H. Bowie and seven other defendants to recover the sum of $255,368.83. Said seven other defendants were the former directors of Midwest Mortgage Corporation. It was alleged, in substance, that the Midwest Mortgage Corporation, with a capital stock of $500,000, had been incorporated to invest in tax titles to real estate; that the State Brokerage Corporation was engaged in the general investment business; that the offices of said two corporations were the same; that L. H. Bowie, who was the president and general manager of the State Brokerage Corporation, and Lee I. Starling, who was the general attorney for Midwest Mortgage Corporation, entered into a conspiracy with the directors of Midwest Corporation to defraud the Midwest Corporation out of its capital stock; that in pursuance of said conspiracy the State Brokerage Corporation, controlled by Bowie, entered into a contract with the Midwest Corporation to sell its capital stock to the investing public and in consideration of which said Brokerage Corporation was to receive a commission of twenty per cent of the sale price of the stock; that the State Brokerage Corporation actually sold capital stock of the Midwest Corporation to the public generally to the extent of $487,000, but only paid to the Midwest Corporation for such stock so sold, including commissions, the sum of $132,-631.17; that in attempting to show payment for the balance of the stock so received and sold, said State Brokerage Corporation caused various individuals owning cheap property in various cities of the state to convey such property to the Midwest Corporation at a price far in excess of its value and said State Brokerage Corporation and Starling and Bowie then caused said deeds to be placed in the files of the Midwest Corporation and the consideration recited in said deeds credited on the books of the Midwest Corporation as payments on the amount due by the said State Brokerage Company for the stock that it had so received and sold. It was alleged, in substance, that the said Lee I. Starling and L. H. Bowie, in carrying out the alleged conspiracy substantially in the manner above alleged, received from the Midwest Corporation said sum of $255,368.83 in excess of the amount due them for the sale of said stock.

Upon a trial of the case the jury found that the defendants other than Starling and Bowie—the former directors of Midwest Corporation—had not entered into any conspiracy as alleged and that they were not negligent in any way in the management of the affairs of the Midwest Corporation, and hence they were all discharged. Only two issues were submitted to the jury for the purpose of determining the liability of Lee I. Starling. These issues and the jury's answers thereto were as follows:

"Do you find and believe from a preponderance of the evidence that the defendant, Lee I. Starling, during the operation of the business of the Midwest Mortgage Corporation entered into a conspiracy, as that term has been defined to you herein, with any of the other defendants, for the purpose of defrauding the said Midwest Mortgage Corporation out of any monies invested in the capital stock of the said Midwest Mortgage Corporation? Answer: Yes."

"How much money, if any, do you find and believe from a preponderance of the evidence that the said Lee I. Starling received by reason of such conspiracy, if any you have found? Answer: Fifty Thousand Dollars, No Cents."

Similar issues were submitted and findings made by the jury with reference to the liability of Bowie, except that the jury found that Bowie had received $150,000. In accordance with the verdict, judgment was entered against Lee I. Starling and L. H. Bowie, individually and as trustee of the State Brokerage Corporation, jointly and severally, for the sum of $200,000, with interest. Lee I. Starling alone has appealed.

■■■ Appellant challenges the sufficiency of the verdict to support the judgment, and after careful consideration we have reached the conclusion that his contentions in this respect must be sustained. It will be noted that while the jury found that Starling entered into a conspiracy to defraud Midwest Corporation of monies invested in its capital stock and that he received $50,000 (from someone) "by reason of such conspiracy," there is no direct finding that Starling or any one else perpetrated any fraud on Midwest Corporation. Neither is there any finding as to the amount of damages suffered by Midwest Corporation as a result of the fraud. Where one seeks to recover damages alleged to have resulted from a conspiracy to defraud, it is not sufficient for him to establish merely that the conspiracy was formed, but he must go further and establish that a fraud was perpetrated and that it resulted in damage to him. The gist of the action is the damages suffered and not merely the form- ing of the conspiracy. 12 C.J. 581; 9 Tex.Jur. 394. If it be conceded that the finding that Starling had received $50,000 by reason of such conspiracy was broad enough to include or imply a finding that a fraud had been perpetrated on Midwest Corporation, it does not follow that Midwest Corporation was thereby damaged to the extent of $50,000. In fact, the record affirmatively shows that Midwest Corporation received property and services of some value in return for the money paid to Starling. These benefits so received would necessarily have to be taken into consideration in determining the extent of the damages suffered by the corporation and the damages so suffered would be the maximum limit of the corporation's right of recovery. In the absence of findings showing the amount of damages suffered by Midwest Corporation, the verdict was insufficient to support the judgment.

■■■ .Appellant plead the two-year statute of limitation and the evidence showed that many of the transactions in question occurred more than two years prior to the filing of the suit, but the court refused to submit defendant's special requested issues inquiring what portion of the money, if any, so received by Starling was received by him more than two years prior to the filing of the suit. This was error. R.S. art. 5526.

■■■ The appellant charges that there was absolutely no evidence of any fraud having been perpetrated on the directors and managing officers of the Midwest Corporation. He also charges that there was no evidence to support many of the other essential elements of plaintiff's cause of action. Consequently, he insists that the judgment of the trial court should be reversed and judgment here rendered for the appellant. Although the statement of facts contains 475 pages and there are enough original exhibits sent up with the record to fill a like volume, appellee has not favored us with any reference to the page of the record where any of the evidence may be found that would support the judgment in the particulars complained of by appellant. There are some authorities which seem to hold that we would be justified in accepting appellant's statements in this respect as true. 3 Tex.Jur. 915; Court of Civil Appeals Rule No. 31; Lancaster v. Norris, Tex.Civ.App., 271 S.W. 401, par. 8; Daniels v. Franklin, Tex.Civ.App., 233 S.W. 380, par. 1. However, in view of the fact that the case must be reversed on other grounds we deem it best to reverse and remand the cause for a new trial instead of reversing and rendering judgment for appellant.

The judgment of the trial court as to Lee I. Starling is reversed and the cause is remanded for a new trial. The judgment of the trial court in all other respects is affirmed.