FIRST STATE BANK OF EULESS et al.,
Appellants,

v.

George R. BOLINGER d/b/a Bosco Leasing
System, Appellee.

No. 16920.

Court of Civil Appeals of Texas.

Fort Worth.

July 5, 1968.

Rehearing Denied Oct. 4, 1968.

Lattimore & Lattimore and Hal M. Lattimore, Fort Worth, for appellant First State Bank of Euless.

Richard Owens and Walter S. Fortney, Fort Worth, for appellant D. B. R., Inc.

King & Massey, and Marion L. Massey, Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

This is a suit originally brought by George Bolinger, individually and d/b/a Bosco Leasing System, against the First State Bank of Euless, Texas, and D. B. R., Inc., for damages for conversion of 28 air-conditioning units in an apartment house.

The trial was to a jury. The answers to the issues submitted being favorable to the plaintiff, judgment was awarded against the defendants jointly and severally for the value of the units less the amount of remittitur required by the trial court.

D. B. R., Inc., was permitted to recover $5,000 from its predecessor in title to the apartment building, to-wit: First State Bank of Euless, on the theory of breach of warranty. D. B. R., Inc., and the First State Bank of Euless have appealed.

Plaintiff filed his Original Petition on January 22, 1965, in the name of George R. Bolinger, doing business as Bosco Leasing System. Paragraph One alleges that "George R. Bolinger is an individual who does business in Fort Worth, Texas under the name of Bosco Leasing System." . The plaintiff swore that all the facts set forth in the petition were true and correct. These allegations were carried forward in Plaintiff's First Amended Original Petition and in his Second Amended Original Petition, upon which he went to trial.

During trial, Bolinger on cross-examination testified that Bolinger Sales Company was a corporation doing business as Bosco Leasing System and that the title to the air-conditioning units "rested" in the corporation. They were owned by the corporation at the time they were "leased" to Paul Garon Construction Company and the "lease" was between the Corporation and Garon's Company.

There was clearly an admission by the plaintiff that he does not own the units, but that they are owned by a corporation. He also admits that title to the units has never been transferred to him, and that he has no assignment of the "lease" upon which his cause of action is based.

There are two corporations involved. Bolinger Sales Company, doing business as Bosco Leasing System, is the corporation which owns the units. Its stockholders are Bolinger, his wife and his son. Tejas Supply Company, doing business as Acme Air, is another corporation which was controlled by Bolinger. He owned 51% of the stock. On March 1, 1966, Bolinger sold his interest in Tejas. The stockholders of Tejas, including Bolinger, agreed to pay the new owners of Tejas any accounts receivable which were not paid in six months. One of the accounts receivable which the stockholders eventually had to pay was the account owed by Bolinger Sales Company, d/b/a Bosco Leasing Sys-

**784**

tem, for the air conditioners involved in this suit. The old stockholders of Tejas paid the new owners for the outstanding accounts on September 6, 1966. Bolinger testified that he gave them a check for $5,009.00 and cancelled some notes that Tejas owed him and his wife.

Bolinger contends that he is suing for Bolinger Sales Company and again claims that because he and his wife, as former stockholders of Tejas, paid Tejas for its accounts receivable, that Bolinger Sales Company (Bosco) owed him and his wife for the air conditioners. Bolinger Sales Company, the corporation, is not a named plaintiff in this suit, but Bolinger claims that if the company can get a judgment against either the bank or D. B. R., Inc., he and his wife will attempt to collect the money from the corporation even if it means taking it to court. Bolinger claims that he and his wife own the accounts receivable of Tejas (Acme), but they introduced no assignment of such accounts into evidence. Bolinger contends that they sit in the position of Tejas (Acme) and that Bolinger Sales Company owes them money.

■ The law is well established by the Supreme Court of Texas that a stockholder cannot maintain an action for the corporation: "Such action must be brought by the corporation, not alone to avoid a multiplicity of suits by the various stockholders and to bar a subsequent suit by the corporation, but in order that the damages so recovered may be available for the payment of the corporation's creditors, and for proportional distribution to the stockholders as dividends, or for such other purposes as the directors may lawfully determine." Commonwealth of Massachusetts v. Davis, 140 Tex. 398, 168 S.W.2d 216 (1942). See also Cullum v. General Motors Acceptance Corporation, 115 S.W.2d 1196, 1200 (Amarillo, Tex.Civ.App., 1938, no writ hist.); Dittman v. Myers, 95 S.W.2d 1332 (Beaumont, Tex. Civ.App., 1936, writ dism.).

■ In the case at bar, Bolinger, who admittedly did not and does not own the units in question, has been awarded judgment in his individual capacity against these appellants, whereas the cause of action asserted is one belonging to Bolinger Sales Company, a corporation. Actually, Bolinger, as a creditor of his own corporation, sought judgment to satisfy the corporation's debt to him.

In view of what has been said to this point we are of the opinion and hold that under the evidence, consisting primarily of the admissions made by Bolinger, the suit should have been initiated by the corporation or the latter made a party to it.

Since there will undoubtedly be additional parties and issues involved in a subsequent trial, we see no necessity in passing upon the other points of error raised on this appeal.

The judgment of the trial court is reversed and the cause is remanded for a new trial.