**UNIROYAL, INC., Appellant,**

v.

**Sam VEGA, Sr., et al., Appellees.**

**No. 14866.**

Court of Civil Appeals of Texas, San Antonio.

May 27, 1970.

Guenther & Dylla, San Antonio, for appellant.

R. E. Lopez, Jr., Alice, Pedro P. Garcia, Corpus Christi, for appellees.

BARROW, Chief Justice.

Appellant, Uniroyal, Inc., appeals from a *take-nothing summary judgment granted* appellees, Sam Vega, Sr., and Ivar Perez, d/b/a The Family Shoe Center, in appellant's suit to recover the sum of $2,131.12 due on an open account, together with rea-

sonable attorney's fees. Appellees' motion for summary judgment, which was based on the pleadings alone, raised the affirmative defense of the two-year statute of limitations.[1]

An exhibit attached to appellant's original petition showed the items were purchased by appellees between October 30, 1964, and August 16, 1965. Appellee Vega affirmatively pleaded the two-year statute of limitations and subsequently filed a motion for summary judgment wherein he asserted that the statute had run on the account made the basis of appellant's petition. This motion was adopted by appellee Perez. In response thereto, appellant filed a supplemental petition wherein it alleged that appellees were not entitled to assert the statute of limitations because of their fraudulent actions which caused appellant to take a non-suit in a prior suit involving this account. It further alleged that the cause of action was based in part on a contract in writing and attached photostat copies of checks issued to it by appellees, one of which is marked: "Not Sufficient Funds."

Appellant asserts two points wherein it urges that its supplemental petition raised a material fact issue on the question of fraud and also that part of the account was based upon unpaid checks issued by appellees, so as to constitute a contract in writing. Appellees urge that such pleading of fraud is a conclusion wholly unsupported by any type of summary judgment proof and is insufficient to present any genuine issue as to a material fact.

■ A defendant's motion for summary judgment may rest upon a clear demonstration by the pleadings alone that the cause of action is barred, as a matter of law, by affirmative defenses such as estoppel, res judicata, laches, or limitations. Simpson v. Simpson, 380 S.W.2d 855 (Tex.Civ.App.—Dallas 1964, writ ref'd n.

r.e.); Jenkins v. Kimbro, 380 S.W.2d 189 (Tex.Civ.App.—Austin 1964, writ dism'd); McDonald, Texas Civil Practice, Sec. 17.-26.1. However, a defendant may be precluded from relying on the statute of limitations by the doctrine of estoppel. Loomis Construction Co. v. Matijevich, 425 S.W.2d 39 (Tex.Civ.App.—Houston (14th) 1968, no writ); 37 Tex.Jur.2d Limitation of Actions, Sec. 155.

■ Appellant's claim on an open account is barred by the two-year statute of limitations unless appellees are precluded from asserting same by their previous fraudulent actions. Appellant's allegation of fraud is obviously a conclusion, however, such pleading defect has been waived by appellees, insofar as this appeal is concerned, by their failure to except to such allegation. The question remains as to whether appellant was required to support such allegation by some form of summary judgment proof in order to raise a fact issue.

■ Appellant would be required to prove such allegation at a trial on the merits; however, under established summary judgment rules the burden was upon the appellees, as movants, to show that, as a matter of law, appellant has no cause of action against them. In doing so all doubts as to the existence of a genuine issue as to a material fact are resolved against them. Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex.Sup.1970); Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex.Sup.1965); Rackley v. Model Markets, Inc., 417 S.W.2d 89 (Tex.Civ.App.—San Antonio 1967, writ ref'd n.r.e.). Here appellees offered no evidence to overcome appellant's plea of fraud and therefore failed to discharge their burden as movants.

The judgment of the trial court is reserved and the cause remanded.

1. Article 5526, Sec. 5, Vernon's Ann.Civ.St.