**C.M. CATHEY, Sr., Appellant,**

v.

**FIRST CITY BANK OF ARANSAS PASS, and John Bailey, Appellees.**

**No. 13–87–475–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1988.

Rehearing Denied Oct. 20, 1988.

Thomas R. Markey, Markey, Hughes and Steiner, Corpus Christi, for appellant.

Thomas M. Andrews, Ellis, Andrews & Lawrence, Aransas Pass, for appellees.

Before UTTER, KENNEDY and DORSEY, JJ.

## OPINION

UTTER, Justice.

C.M. Cathey, Sr. appeals from the granting of a partial summary judgment in favor of First City Bank of Aransas Pass and John Bailey. We affirm the judgment of the trial court.

Appellant brought suit alleging John Bailey, acting on both his own and First City's behalf, conspired with James Dupnik, Sr. and others to destroy appellant's business and take them over. Appellant describes his "business" as two corporations, Aranco, Inc., and G.G.I., Inc. He is the sole stockholder, president, and chairman of the board of each corporation. However, neither corporation has been made a party to this suit. Rather, appellant contends that he is seeking damages done to him personally by the destruction of the above corporation's values by the appellees' actions.

Appellant argues that since he was the sole stockholder in both corporations that he would have ultimately benefited from the corporations' success, but that, as a result of the conspiracy, Aranco, G.G.I, himself and his wife were forced into bankruptcy.

The trial court severed Paragraph III in its entirety which alleged as follows:

The Defendant John Bailey failed to credit the account of C.M. Cathey personally and the account of G.G.I., Inc. with payments made by a co-debtor, to wit David Maguglin, in the amount of Twenty–Eight Thousand Dollars ($28,000.00), when the personal account of C.M. Cathey in the amount of Eight Thousand Dol-

lars ($8,000.00) and a corporate account in the amount of approximately Twenty Thousand Dollars ($20,000.00) were called by the bank and neither the Plaintiff C.M. Cathey nor G.G.I., Inc. were able to make the proper payments, and the Defendant continued to charge both C.M. Cathey personally and G.G.I., Inc. for said indebtednesses which charges constitute a charge for interest on said notes which would be more than two times the legal maximum interest thus causing forfeiture of said notes, both interest and principal.

The court thereafter entered a summary judgment in this cause on all other issues.

By his first point of error, appellant contends that the trial court erred in granting appellees' first amended motion for summary judgment because genuine issues of material fact exist and appellees are not entitled to judgment as a matter of law on any of their defenses. Likewise, by its second point of error, appellant argues that the trial court erred in granting appellees' motion for severance because appellant pled one cause of action grounded in conspiracy. Since these points are closely related, we will address them together.

When reviewing the granting of a motion for summary judgment, we must consider the summary judgment evidence in the light most favorable to the nonmovant and indulge every reasonable inference in their favor. *Nixon v. Mr. Property Management, Inc.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *Wilcox v. St. Mary's University*, 531 S.W.2d 589, 592 (Tex.1975). The movant's burden is to show that no genuine issue of material fact exist, and that it is entitled to judgment as a matter of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986); *Major Investments, Inc. v. De Castillo*, 673 S.W.2d 276, 279 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

No controverting evidence on the above issues was submitted by appellees in support of their motion for summary judgment. Rather, appellees relied on three affirmative defenses to collectively prove that they were entitled to judgment as a matter of law. Specifically, they argued: (1) that an individual stockholder has no separate cause of action for injuries suffered by the corporation; (2) that appellant's causes of action were barred by the statute of limitations; and (3) that appellant's causes of action were barred by res judicata.[1]

■ It is a general proposition that an action to redress or prevent injuries to a corporation cannot be maintained by a stockholder in his own name or right, nor by him in the name of the corporation itself. The fact that the acts complained of may have the effect of depreciating or destroying the capital stock does not change the rule, even though the majority or all of the capital stock may be held by the complaining stockholder. *See Massachusetts v. Davis*, 168 S.W.2d 216, 221 (Tex.1943), *cert. denied*, 320 U.S. 210, 63 S.Ct. 1447, 87 L.Ed. 1848 (1943); *Hajdick v. Wingate*, 753 S.W.2d 199 (Tex.App.—Houston [1st Dist.] 1988) (not yet reported); *First State Bank v. Bolinger*, 431 S.W.2d 782, 784 (Tex.Civ. App.—Fort Worth 1968, writ ref'd n.r.e.); *Cullum v. General Motors Acceptance Corp.*, 115 S.W.2d 1196, 1200 (Tex.Civ.App. —Amarillo 1938, no writ). However, an exception to the general rule exists which permits stockholders to recover damages for wrongful acts which are not only wrongs against the corporation, but also violations of duties arising from contracts or otherwise owing directly to the injured stockholders. *Massachusetts*, 168 S.W.2d at 222; *First State Bank*, 431 S.W.2d at 784; *Cullum*, 115 S.W.2d at 1201.

■ Appellant seeks to bring himself within the exception's provisions by alleging a civil conspiracy perpetrated by appellees to destroy him personally by destroying his business. Appellant pled numerous evidentiary facts which were allegedly committed in furtherance of a single cause of action grounded in conspiracy. Although several of these acts may have been fo-

1. Appellees state that the res judicata issue spoke to the severed portion of the case which was retained by the trial court. Since appellees state that they do not rely on the defense of res judicata on appeal, we decline to discuss that matter.

cused directly on the corporation and not on appellant, it is apparent from the record that appellant and the two corporations were so intrinsically connected that to drive one out of business would clearly cause adverse effects to the other.[2] To this end, appellant is entitled to show, if he can, that appellees' acts against the corporations were a conspiratorial subterfuge to destroy him personally by driving him out of business. More important, however, is that the exclusion of the evidence concerning the corporation would cause the jury to hear an incomplete version of the alleged conspiracy, as though it occurred in a vacuum. We hold, therefore, that appellant may prove that through acts committed against the corporation which affected him personally, appellees conspired to destroy him; but appellant has no cause of action for injuries or damages which might have occurred in behalf of the corporations.

Appellees' second affirmative defense alleged that any part of appellant's claim alleging conversion of personal property or the taking and detaining of personal property which occurred more than two years prior to the time appellant filed his petition is barred by limitations. Specifically, appellees argue that since appellant's pleadings reflect that various acts took place more than two years prior to the time appellant's claim for conspiracy was filed, those claims would be barred.

Appellee's first amended motion for summary judgment alleged that appellant's claim is barred by limitations. No summary judgment proof was attached to the motion on this issue. Rather, appellees specifically referred the court to the pleadings and depositions on file in this cause. However, the only deposition made a part of the record on appeal has absolutely nothing to do with the limitations issue. Therefore, it is clear from the record and from appellees' brief that they are relying entirely on appellant's pleadings to show the action is barred.

Although pleadings, sworn or unsworn, generally do not constitute summary judgment proof, there are exceptions to that general principal. In certain situations, summary judgment is properly rendered on the pleadings. *Houston First American Savings v. Musick*, 650 S.W.2d 764, 767 (Tex.1983) (live pleadings of a party are regarded as judicial admissions of facts plead); *Texas Department of Public Corrections v. Herring*, 513 S.W.2d 6, 9 (Tex.1974) (pleading facts which affirmatively negate party's cause of action); *Jacobs v. Cude*, 641 S.W.2d 258, 261 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.) (res judicata was deficiency which could not be overcome by amendment); *Uniroyal, Inc. v. Vega*, 455 S.W.2d 783, 784 (Tex.Civ.App.—San Antonio 1970, no writ) (pleadings alone may show that cause of action is barred, as a matter of law, by affirmative defenses such as estoppel, res judicata, laches or limitations). Thus, it would be entirely possible for appellees to conclusively establish from the face of the petition that the prosecution of appellant's cause of action is barred by limitations. *Hays v. McNeice*, 641 S.W.2d 695, 697 (Tex. App.—Amarillo 1981, no writ); *Shead v. Grissett*, 566 S.W.2d 318, 319–21 (Tex.Civ. App.—Houston [1st Dist.] 1978, writ dism'd); *Uniroyal, Inc. v. Vega*, 455 S.W. 2d 783, 784 (Tex.Civ.App.—San Antonio 1970, no writ); *Jenkins v. Kimbro*, 380 S.W.2d 189, 190 (Tex.Civ.App.—Austin 1964, writ dism'd); *Tarkington v. Continental Casualty Co.*, 341 S.W.2d 490, 492 (Tex.Civ.App.—Fort Worth 1961, writ ref'd n.r.e.). Under these circumstances, the time periods specifically alleged in the pleadings would amount to judicial admissions and relieve the movant of the burden to otherwise prove the admitted facts. *Mendoza v. Fidelity & Guaranty Insurance Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex.1980); *Daves v. State Bar of Texas*, 691 S.W.2d 784, 790 (Tex.App.—Amarillo 1985, writ ref'd n.r.e.), *cert. dismissed*, 474 U.S. 1043, 106 S.Ct. 774, 88 L.Ed.2d 754 (1986).

2. The record reveals both that the corporations each owed substantial sums on various notes guaranteed by appellant to appellee First City Bank, and that appellant and his family members had accounts at the bank.

**822**

Civil conspiracy is governed by the two year statute of limitations.[3] Tex. Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1986); *See Jones v. Hunt Oil Co.,* 456 S.W.2d 506, 514 (Tex.Civ.App.—Dallas 1970, writ ref'd n.r.e.); *Harang v. Aetna Life Insurance Co.,* 400 S.W.2d 810, 813 (Tex.Civ.App.—Houston 1966, writ ref'd n.r.e.); *Starling v. Hill,* 121 S.W.2d 648, 650 (Tex.Civ.App.—Waco 1938, no writ). Moreover, under civil conspiracy, each continued invasion of the plaintiff's interest causing loss and damage in a conspiracy case is treated as an independent element for limitations purposes and the two year statute of limitations begins to run when each independent element arises. *Jones,* 456 S.W.2d at 514; *Harang,* 400 S.W.2d at 813; *Starling,* 121 S.W.2d at 650. Thus, any act committed more than two years prior to the filing of this conspiracy action would be barred by limitations and may not be recovered upon at trial.

A careful review of the pleadings reveal that every overt act alleged in the pleadings except the paragraph severed by the trial court is barred by limitations. We hold, therefore, that the trial court properly severed that paragraph and granted summary judgment as to the remainder of appellant's pleadings. The judgment of the trial court is AFFIRMED.

---

**3.** Although not plead or briefed by appellant, we should note that the discovery rule applies to toll limitations in cases involving fraud, but that it does not apply to cases grounded solely in a commercial paper context, absent allegations of fraud. A careful review of the record reveals no allegations of fraud in regards to any element alleged in the conspiracy. Thus, appellant is limited to the two year limitations period applicable to conspiracy causes. *See Southwest Bank & Trust Co. v. Bankers Commercial Life Insurance Co.,* 563 S.W.2d 329, 331–32 (Tex.Civ. App.—Dallas 1978, writ ref'd n.r.e.).