# IN THE SUPREME COURT OF TEXAS

══════════
No. 17-0630
══════════

AGAR CORPORATION, INC., PETITIONER,

v.

ELECTRO CIRCUITS INTERNATIONAL, LLC AND SURESH PARIKH, RESPONDENTS

══════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS
══════════════════════════════════════════

**Argued January 23, 2019**

JUSTICE DEVINE delivered the opinion of the court.

JUSTICE BUSBY did not participate in the decision.

In this summary-judgment appeal we must determine what statute of limitations applies to a claim of civil conspiracy. Following its own precedent, the court of appeals applied the two-year statute generally applicable to torts, including trespass, and affirmed the trial court's summary judgment concluding that the civil conspiracy claims were indeed barred by limitations. 565 S.W.3d 12, 18 (Tex. App.—Houston [14th Dist.] 2016) (mem. op.) (citing TEX. CIV. PRAC. & REM. CODE § 16.003 and cases applying it to civil conspiracy). We do not agree that section 16.003 universally applies to such claims.

Because civil conspiracy is a derivative tort that "depends on participation in some underlying tort," we conclude that the applicable statute of limitations must coincide with that of the "underlying

tort for which the plaintiff seeks to hold at least one of the named defendants liable." *See Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996) (describing the nature of a civil conspiracy claim). And because at least one of the underlying torts asserted as the basis for the conspiracy claims here may not be barred by its applicable statute of limitations, we reverse the court of appeals' judgment in part and affirm it in part.

## I. Background

Agar Corporation designs, manufactures, and sells measuring devices for use in the oil and gas industry. Agar sued more than a dozen individuals and entities, including Sanjay Shah and Pandurang Nayak, who they alleged sold Agar's technology in the scheme to produce the knock-off products. Electro Circuits and its owner Suresh Parikh (collectively "Electro") were subsequently implicated in the scheme and added to Agar's lawsuit in November 2011. Electro once manufactured circuit boards for Agar, and its alleged role in the conspiracy was that it used Agar's proprietary information to manufacture circuit boards for the knock-off products.

In its seventh amended petition filed on February 10, 2012, Agar asserted claims against Electro for tortious interference, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraud, fraud by non-disclosure, misappropriation of trade secrets, violations of the Texas Theft Liability Act, conversion, and civil conspiracy and asserted similar claims against the other defendants. Electro answered and, as pertinent here, filed a counterclaim against Agar seeking attorney's fees under the Texas Theft Liability Act.

Electro later filed a traditional motion for summary judgment based on the statute of limitations and a no-evidence motion that attacked the elements of Agar's various claims. *See* TEX.

2

R. Civ. P. 166a(c), (i). The trial court (1) denied the no-evidence motion for summary judgment as to Agar's claims for civil conspiracy; (2) granted the no-evidence motion in favor of Electro "as to all other claims [by Agar] alleging direct liability;" and (3) granted "a traditional summary judgment on Plaintiff's claims against Defendants Electro Circuits International, LLC and Suresh Parikh only on the limited basis as to [their] . . . affirmative defense of statute of limitations." Following the severance of Agar's and Electro's adverse claims from the others in the case, Electro filed another motion for summary judgment in the severed case on the issue of attorney's fees under the Texas Theft Liability Act. The trial court granted that motion, awarded Electro its attorney's fees, and together with the previous summary judgment in Electro's favor disposed of all issues in the severed case.

Agar appealed, complaining about that part of the summary judgment that barred its civil conspiracy claims because of limitations and the subsequent summary judgment that awarded Electro attorney's fees. Agar argued that the trial court should not have applied a two-year statute of limitations to its conspiracy claims and thereby erred in concluding that such claims were barred by limitations. Agar also contended that the Texas Theft Liability Act did not provide for the award of fees to Electro, the defendant. The court of appeals rejected Agar's arguments and affirmed the summary judgments for Electro. 565 S.W.3d at 26. In a concurrence to the denial of rehearing en banc, Chief Justice Frost explained that the courts of appeals have uniformly applied section 16.003's two-year statute of limitations to civil conspiracy claims, even though the logic for that rule might reasonably be questioned. 529 S.W.3d 559, 563–64 (Tex. App.—Houston [14th Dist.] 2017) (Frost,

3

C.J., concurring in order denying rehearing en banc). Having never passed on the question, we granted Agar's petition to consider the relevant statute of limitations for a claim of civil conspiracy.

## II. Statute of Limitations

The statute of limitations is an affirmative defense that serves to "establish a point of repose and to terminate stale claims." *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990). Statutes of limitations vary from claim to claim as determined by the Legislature. *See generally* TEX. CIV. PRAC. & REM. CODE §§ 16.002–.051. For example, a two-year limitations period applies to suits for trespass and conversion, whereas a four-year limitations period applies to suits for fraud or breach of fiduciary duty. *Id*. §§ 16.003(a), .004(a)(4), (5). For claims not expressly identified by the Legislature, a residual limitations period of four years is provided. *Id.* § 16.051.

None of the statutes of limitations mention civil conspiracy by name. Rather than apply the residual limitations period, the courts of appeals that have considered the issue have held civil conspiracy falls under the two-year statute of limitations applied to suits for trespass in section 16.003 of the Civil Practices and Remedies Code.[1] Agar contends that these cases are wrong and that they misunderstand the nature of a civil conspiracy claim.

---

[1] *See, e.g.*, *Tucker v. Bedgood*, 2016 WL 7011584, at *3 (Tex. App.—Corpus Christi-Edinburg Dec. 1, 2016, no pet.) (mem. op.); *Archer v. Allison*, 2015 WL 7889910, at *3 (Tex. App.—Amarillo Dec. 3, 2015, pet. denied) (mem. op.); *Bennett v. Reynolds*, 2014 WL 4179452, at *10 (Tex. App.—Austin Aug. 22, 2014, pet. denied) (mem. op.); *Dodson v. Ford*, 2013 WL 5433915, at *4 (Tex. App.—Fort Worth Sept. 26, 2013, no pet.) (mem. op.); *Sharpe v. Roman Catholic Diocese of Dall.*, 97 S.W.3d 791, 795 (Tex. App.—Dallas 2003, pet. denied); *Mayes v. Stewart*, 11 S.W.3d 440, 453 (Tex. App.—Houston [14th Dist.] 2000, pet. denied); *Chandler v. Chandler*, 991 S.W.2d 367, 394 (Tex. App.—El Paso 1999, pet. denied); *Martz v. Weyerhaeuser Co.*, 965 S.W.2d 584, 587 (Tex. App.—Eastland 1998, no pet.); *Fisher v. Yates*, 953 S.W.2d 370, 381 (Tex. App.—Texarkana 1997), *writ denied*, 988 S.W.2d 730 (Tex. 1998) (per curiam); *Allen v. City of Midlothian*, 927 S.W.2d 316, 322 (Tex. App.—Waco 1996, no writ); *Stroud v. VBFSB Holding Corp.*, 917 S.W.2d 75, 82 (Tex. App.—San Antonio 1996, writ denied); *Stevenson v. Koutzarov*, 795 S.W.2d 313, 318 (Tex. App.—Houston [1st Dist.] 1990, writ denied).

In civil conspiracy, the plaintiff seeks to hold the defendant liable for an injury caused by a third party who has acted in combination with the defendant for a common purpose. *Chu v. Hong*, 249 S.W.3d 441, 444–45 (Tex. 2008); *Carroll v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922, 925 (Tex. 1979). Agar therefore submits that the applicable statute of limitations for a civil conspiracy claim should be that of the underlying tort because that limitations period more accurately reflects civil conspiracy's status as a vicarious liability theory that hinges on an underlying tort.

Electro responds that civil conspiracy is not a vicarious liability theory but rather an independent cause of action in the nature of a trespass to which section 16.003's two-year statute of limitations applies. Electro accordingly concludes that the courts of appeals have correctly applied this limitations period to past civil conspiracy claims and that this uniform line of decisions should not be disturbed. The parties thus disagree about whether civil conspiracy is an independent tort or merely a theory of vicarious tort liability derivative of an underlying wrong.

A. **Civil Conspiracy in Texas as a Vicarious Liability Theory**

In most jurisdictions, civil conspiracy is a vicarious liability theory that imparts joint-and-several liability to a co-conspirator who may not be liable for the underlying tort. *See, e.g.*, *Mackey v. Compass Mktg., Inc.*, 892 A.2d 479, 485 (Md. 2006); *Upah v. Ancona Bros. Co.*, 521 N.W.2d 895, 901 (Neb. 1994), *disapproved on other grounds*, *Welsch v. Graves*, 582 N.W.2d 312, 316 (Neb. 1998); *Granewich v. Harding*, 985 P.2d 788, 792 (Or. 1999); *Dunn v. Rockwell*, 689 S.E.2d 255, 269 (W. Va. 2009). Liability depends on injury from the underlying tort, not the conspiracy itself. *Mackey*, 892 A.2d at 485. By contrast, a minority of states treat civil conspiracy as an independent claim where defendants may be held liable for damages caused by the conspiracy itself, even in the

5

absence of an unlawful act. *See, e.g.*, *Allegro, Inc. v. Scully*, 791 S.E.2d 140, 144 (S.C. 2016). Our case law on civil conspiracy leaves Texas's position on the debate arguably unclear. Although we have not expressly said whether a civil conspiracy claim is in the nature of a vicarious liability theory or an independent tort, we have at various times used language implying that it was one or the other.

We have said a proven civil conspiracy means "each of [the] defendants in error is responsible for all acts done by any of the conspirators in furtherance of the unlawful combination." *State v. Standard Oil Co.*, 107 S.W.2d 550, 559 (Tex. 1937). This is a statement of vicarious liability. *See Carroll*, 592 S.W.2d at 925–26 (citing *Standard Oil* while describing civil conspiracy as a theory of vicarious liability).[2] We have repeatedly called civil conspiracy a "derivative tort," meaning it depends on some underlying tort or other illegal act. *Chu*, 249 S.W.3d at 444; *Tilton*, 925 S.W.2d at 681. Our use of the word "derivative" in this context means a civil conspiracy claim is connected to the underlying tort and survives or fails alongside it. *NME Hosps., Inc. v. Rennels*, 994 S.W.2d 142, 148 (Tex. 1999). This is because "[i]t is not the agreement itself, but an injury to the plaintiff resulting from [another] act done pursuant to the common purpose that gives rise to the cause of action." *Carroll*, 592 S.W.2d at 925. Civil conspiracy depends entirely on the injury caused by the underlying tort; the injury is the damage from the underlying wrong, not the conspiracy itself. *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 856 (Tex. 1968).

---

[2] Electro argues that *Carrol* stands for the opposite because it says civil conspiracy is "distinguished from the concept of vicarious liability for concerted action...." *See Carrol*, 592 S.W.2d at 925-26. This misses that concerted action is a separate theory of vicarious liability distinct from civil conspiracy. *See Juhl v. Airington*, 936 S.W.2d 640, 643-44 (Tex. 1996)(treating civil conspiracy and concerted action as similar but distinct theories). *Carrol* simply recognized that distinction.

6

These cases clearly describe civil conspiracy as a theory of vicarious liability and establish that in Texas, civil conspiracy requires some underlying wrong.

In other cases, we have described civil conspiracy as a "recognized tort" or a "cause of action." *See, e.g.*, *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996); *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983). A cause of action is simply "a factual situation that entitles one person to obtain a remedy." *Cause of Action*, BLACK'S LAW DICTIONARY (10th ed. 2014). Likewise, in modern usage a tort is simply a "civil wrong, other than breach of contract, for which a remedy may be obtained." *Tort*, BLACK'S LAW DICTIONARY (10th ed. 2014). When used as a theory of vicarious liability, civil conspiracy is part of the factual situation that permits a remedy against co-conspirators. Without it, there would be no grounds for recovery against co-conspirators who did not commit the underlying unlawful act. So it is not inconsistent to say civil conspiracy is a vicarious liability theory while also recognizing that it is a kind of cause of action. Indeed, it is not uncommon for courts to characterize vicarious liability itself as a cause of action when sorting through plaintiffs' various claims. *E.g.*, *Sky View at Las Palmas, LLC v. Mendez*, 555 S.W.3d 101, 105 n.2 (Tex. 2018) (including vicarious liability in a list of the plaintiff's causes of action alongside malpractice, negligence, and breach of contract); *N.P. v. Methodist Hosp.*, 190 S.W.3d 217, 225 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) ("[Plaintiff] nonetheless has a viable cause of action for vicarious liability under principles of respondeat superior."). None would take this usage to mean vicarious liability is an independent cause of action. *See Crooks v. Moses*, 138 S.W.3d 629, 637 (Tex. App.—Dallas 2004, no pet.) (explaining that vicarious liability is not an independent cause of

7

action).  Likewise, characterizing civil conspiracy as a cause of action does not mean it is an independent tort.

Our discussion of the five elements of civil conspiracy enumerated in *Massey v. Armco Steel Co.*, 652 S.W.2d at 934, might also point to civil conspiracy being an independent claim.  There, we defined the elements of civil conspiracy as: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result."  *Id.* (citing 15A C.J.S. Conspiracy § 1(2) (1967)).  These elements might be read to mean the litigated damages must only be proximately caused by the conspiracy itself, and we have sometimes described the damages element as "damages caused by the conspiracy."  *E.g.*, *Operation Rescue-Nat'l v. Planned Parenthood of Hou. & Se. Tex., Inc.*, 975 S.W.2d 546, 554 (Tex. 1998).  But no past decisions depend on that characterization of the damages element.  Our conspiracy decisions both before and after *Massey* emphasize that the damages that matter come from the underlying wrongful act, not the conspiracy itself.  *Tilton*, 925 S.W.2d at 680–81; *Schlumberger*, 435 S.W.2d at 856.  This precedent does not contradict the *Massey* elements; it instead clarifies that the damages element refers not to the entire conspiracy itself but to some tortious act committed by a co-conspirator pursuant to the conspiracy.  These cases thus do not contradict those that more clearly indicate that civil conspiracy is a theory of vicarious liability and not an independent tort.

## B.  Civil Conspiracy Limitations Tied to the Underlying Tort

Having determined that civil conspiracy is not an independent tort, it follows that the claim does not have its own statute of limitations.  In fact, assigning civil conspiracy its own fixed

limitations period conflicts with its nature as a derivative tort. Civil conspiracy requires an underlying tort that has caused damages. *Tilton*, 925 S.W.2d at 681. The cause of action for the underlying tort typically accrues as soon as the tort causes those damages. *See Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997) ("[A] cause of action accrues when a wrongful act causes some legal injury . . . ."). A fixed limitations period of two years for civil conspiracy that differs from that of its underlying tort can produce bizarre consequences. For example, why should co-conspirators who participate in a scheme to defame a person but who do not commit any defamatory acts themselves be subject to suit for a longer period than the primary tortfeasor upon whom their liability is premised? *See* TEX. CIV. PRAC. & REM. CODE § 16.002(a) (applying a one-year limitations period for libel and slander).

Equating the limitations period for civil conspiracy with that of the underlying tort also accords with the Legislature's statute-of-limitations scheme. The Legislature has defined different statutes of limitations for various claims, such as "suit[s] for trespass or injury," "suit[s] on . . . fraud," "suit[s] for . . . libel" or "suit[s] for misappropriation of trade secrets." TEX. CIV. PRAC. & REM. CODE §§ 16.002–.004, .010. The scheme thus assigns statutes of limitations based on the type of wrong, but it does not assign different limitations for parties who may be liable through different theories for the same wrong. Because civil conspiracy is a theory of vicarious liability, a lawsuit alleging a civil conspiracy that committed some intentional tort is still a "suit for" that tort.

We are not alone in our understanding of civil conspiracy as a theory of derivative liability that shares a limitations period with that of its underlying tort. The courts of last resort in Maryland, Nebraska, Virginia, and West Virginia agree. *Dunlap v. Cottman Transmission Sys.*, 754 S.E.2d 313,

9

320–21 (Va. 2014); *Prince George's Cty. v. Longtin*, 19 A.3d 859, 877 (Md. 2011); *Upah v. Ancona Bros. Co.*, 521 N.W.2d at 902; *Dunn*, 689 S.E.2d at 269. Several other states' intermediate courts have held the same.[3]

Electro offers three reasons we should apply section 16.003's two-year limitations period to all civil conspiracies—as our own courts of appeals have uniformly done—rather than align ourselves with these other states. First, Electro submits that 16.003's two-year limitations period generally applies to torts not named by more specific statutes and therefore should apply to a civil conspiracy claim as an action in trespass. *See Williams v. Khalaf*, 802 S.W.2d 651, 654 (Tex. 1990) ("[Torts] not expressly covered by a limitation provision nor expressly held by this court to be governed by a different provision would presumptively be a 'trespass' for limitations purposes."). The argument assumes that civil conspiracy is itself an independent tort, but it is not.

Next, Electro compares civil conspiracy to tortious interference with business relations to support a strict application of 16.003's limitations period here. In *First National Bank of Eagle Pass v. Levine*, we held section 16.003 governs tortious interference claims. 721 S.W.2d 287, 289 (Tex. 1986). And in *Wal-Mart Stores, Inc. v. Sturges*, we held that tortious interference with business relations requires proving that the defendant's conduct would be actionable under another recognized tort. 52 S.W.3d 711, 726 (Tex. 2001). *Levine* and *Sturges* combined suggest that 16.003's two-year limitation can govern claims that depend on other underlying tortious actions, like tortious

---

[3] *E.g.*, *Filmservice Labs., Inc. v. Harvey Bernhard Enters., Inc.*, 256 Cal. Rptr. 735, 742 (Cal. Ct. App. 1989); *Mauvais-Jarvis v. Wong*, 987 N.E.2d 864, 894 (Ill. App. Ct. 2013); *Meyer Land & Cattle Co. v. Lincoln Cty. Conservation Dist.*, 31 P.3d 970, 977 (Kan. Ct. App. 2001); *Terlecki v. Stewart*, 754 N.W.2d 899, 906 (Mich. Ct. App. 2008); *Schlotthauer v. Sanders*, 545 N.Y.S.2d 197, 199 (N.Y. App. Div. 1989); *Segall v. Hurwitz*, 339 N.W.2d 333, 338 (Wis. Ct. App. 1983).

interference and civil conspiracy. But we have held this is not the case. In *Nath v. Texas Children's Hospital*, we held that only a one-year statute of limitations applies to tortious interference claims where a one-year tortious act is the only grounds for the claim. 446 S.W.3d 355, 370 (Tex. 2014). So even if Electro's analogy between tortious interference and civil conspiracy were sound, it would not be grounds for holding section 16.003 applies to every civil conspiracy claim.

Finally, Electro argues that we should not overturn the court of appeals' decades-long, uniform application of the two-year limitations period to civil conspiracy. But a long history of mistaken application alone is insufficient to counsel against correcting the error. *See, e.g.*, *Hubenak v. San Jacinto Gas Transmission Co.*, 141 S.W.3d 172, 181 & n.44, 183 & n.69 (Tex. 2004) (disapproving at least sixteen court of appeals decisions spanning over seventy years); *Callejo v. Brazos Elec. Power Coop., Inc.*, 755 S.W.2d 73, 75 (Tex. 1988) (disapproving at least twelve decisions spanning over thirty years). Nor is the Legislature's inaction in the face of these appellate decisions evidence that those decisions are in line with the statutory scheme. *See Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 470–71 (Tex. 2009) (refusing to make inferences about the Legislature's statutory intent from the Legislature's inaction). Because we hold civil conspiracy is not an independent tort and its statute of limitations is that of the underlying tort, we disapprove the courts of appeals' decisions to the extent they contradict this opinion.[4]

Agar's seventh amended petition alleges Electro engaged in a civil conspiracy to commit several underlying torts including, among others, conversion, misappropriation of trade secrets, and fraud. These underlying claims are governed by separate two-, three- and four-year statutes of

---

[4] See cases cited *supra*, note 1.

11

limitations respectively. TEX. CIV. PRAC. & REM. CODE §§ 16.003(a), 16.004(a), 16.010(a). The civil conspiracy claims are likewise governed respectively by those statutes. Agar's civil conspiracy claims may only proceed if they are based on an underlying tort that is itself not barred by limitations. To determine on which bases Agar's claim may proceed, if any, we turn to accrual.

### III. **Accrual**

The statute of limitations begins to run when a claim accrues. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990). A cause of action accrues when facts come into existence that permit a plaintiff to recover. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 593 (Tex. 2017). Generally, this is when a wrongful act causes an injury. *Murray*, 800 S.W.2d at 828.

As with the statute of limitations, we have not previously considered when a civil conspiracy claim accrues. But the above principles should apply to civil conspiracy claims as they do to other claims. Because a civil conspiracy requires an underlying tort, *Tilton*, 925 S.W.2d at 681, most civil conspiracy claims should accrue when the underlying tort causes harm to the plaintiff, that is, at the same time as the tort claim against the primary tortfeasor.[5] But some disagreement exists about this.

The courts of other states have announced differing rules for accrual in the context of a conspiracy. *See* 16 AM. JUR. 2D *Conspiracy* § 65 (2018) (describing with citations at least four different rules for civil conspiracy accrual applied by various courts). For instance, the California Supreme Court has held the entirety of the conspiracy does not accrue until the last overt act of the conspiracy. *Wyatt v. Union Mortgage Co.*, 157 Cal.Rptr. 392, 400 (Cal. 1979). In Arizona, by

---

[5] As the parties would tie the accrual date in this case to an allegedly damaging overt act or underlying tort, we need not consider whether a civil conspiracy claim might accrue at a later time if the last element of the claim alleged to come into existence is something other than an act injuring the plaintiff.

12

contrast, the statute of limitations commences when the tortious act is committed on which conspiracy liability is premised. *Tovrea Land & Cattle Co. v. Linsenmeyer*, 412 P.2d 47, 63 (Ariz. 1966).

## A. Civil Conspiracy's Accrual in Texas

Texas appellate courts on balance appear to agree with Arizona, treating each underlying tort of the conspiracy as having its own limitations which runs from the time the act is committed. *See, e.g.*, *Harang v. Aetna Life Ins. Co.*, 400 S.W.2d 810, 813 (Tex. Civ. App.—Houston [1st Dist.] 1966, writ ref'd n.r.e.); *Cathey v. First City Bank of Aransas Pass*, 758 S.W.2d 818, 822 (Tex. App.—Corpus Christi 1988, writ denied). The application of this rule, however, is not always clear or consistent. *See, e.g.*, *Jeanes v. Hamby*, 685 S.W.2d 695, 699 (Tex. App.—Dallas 1984, writ ref'd n.r.e.) (holding that limitations in a civil conspiracy claim for fraud ran from the conspiracy's last overt act rather than with the underlying fraud claim's accrual). We agree with the rule as stated in *Tovrea* and *Harang*: the claim accrues when each underlying tort of the conspiracy damages the plaintiff, and limitations run separately for each such tortious act. *See Tovrea*, 412 P.2d at 63; *Harang*, 400 S.W.2d at 813. Understanding that civil conspiracy is a theory of derivative liability, it follows that a civil conspiracy claim should share both accrual and the limitations period of the underlying wrong. This also accords with the general rule that a cause of action accrues when a wrongful act causes an injury. *See Murray*, 800 S.W.2d at 828.

Agar contends that statute of limitations in civil conspiracy runs from the commission of the last overt act alleged to have caused damage, which is the rule followed in California. Applying this rule, Agar argues its civil conspiracy claims accrued on July 3, 2009 because the trial court identified

a sale of knock-offs between the conspirators on that date as the conspiracy's "last overt act." Electro contends the statute of limitations in civil conspiracy accrues with the injury, and here that injury occurred in April 2008, at the latest, when Agar discovered the theft of its technology and initially sued Shah and Nahak.

Agar argues *Harang* actually supports its suggested accrual rule, but we disagree. *Harang,* in fact, explicitly rejects the last-overt-act accrual rule. The plaintiff in that case sued on a 1958 conspiracy to commit defamation, and later added alleged co-conspirators to the case in 1964. *Harang*, 400 S.W.2d at 812. While agreeing that a two-year statute of limitations applied to his claim, the plaintiff argued limitations ran from the "last overt act" of the conspiracy, which he said was one of two meetings of the co-conspirators in 1964 and 1965. *Id.* at 812–14. The court of appeals disagreed, holding that limitations ran from when the injury occurred and so the conspiracy claim against the late-added co-conspirators was time-barred. *Id.* at 813. Under the *Harang* court's reasoning, for each tort committed under the conspiracy, "the statute of limitations begins to run when it occurs." *See id.* Because the defamation injury in *Harang* had occurred in 1958, the court held the civil conspiracy claim accrued and limitations began to run at that time and so the claim as to the co-conspirators added in 1964 was barred to the extent it relied a tort for which the limitations period had run. *See id.* at 812–13.

If conspirators conspire about different underlying torts over the course of a conspiracy, then claims based thereon accrue separately according to when each tort and injury occur. A conspiracy claim based on an earlier underlying tort does not re-accrue when the co-conspirators agree to commit a second tort or make another overt act. *See Cathey*, 758 S.W.2d at 822 ("[A]ny act committed

14

[outside limitations] prior to the filing of this conspiracy action would be barred by limitations and may not be recovered upon at trial.").

Agar also relies on another decision it contends interpreted *Harang* to support its conspiracy-accrual rule. That case involved a civil conspiracy where an estranged husband conspired with a friend to hide a winning lottery ticket from his wife to keep lottery winnings out of the marital assets during divorce. *Mayes v. Stewart*, 11 S.W.3d 440, 446 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). The wife sued both the friend and husband for fraud on both direct and conspiracy liability theories and won a judgment, which only the friend appealed. *Id.* at 447. Although the court in *Mayes* cited both *Harang* and *Cathey*, it rejected an argument that the conspiracy accrued with the underlying fraud and instead ties accrual to later overt acts of the conspiracy—using the last-overt-act rule that *Harang* rejected. *Id.* at 453. The court ultimately concluded, however, that the conspiracy-limitations issue was irrelevant because of the jury's fraud finding against the friend directly. *Id.*

The better rule for civil conspiracy accrual is for the statute of limitations to accrue as to each alleged underlying tort when that tort occurs. *See Tovrea*, 412 P.2d at 63; *Harang*, 400 S.W.2d at 813. Because a civil conspiracy claim is derivative of an underlying tort, the claim accrues when the underlying tort accrues. We therefore reject Agar's argument that we should adopt the last-overt-act accrual rule.

Agar seeks recovery for the injury of the theft of its intellectual property which it discovered no later than April 2008 when it commenced litigation. The trial court found that for limitations purposes the last overt act of the conspiracy was the co-conspirators submission and receipt of the purchase order on July 3, 2009. But this finding suggests the wrong rule because Agar's civil

15

conspiracy claim as to each underlying tort accrued at the same time as Agar's direct claims for those torts, all of which accrued by April 2008.

Agar relies on the July 2009 purchase orders as evidence of the last overt act of the conspiracy. But the discovery of additional damages does not alter the accrual of an earlier tort, nor is there evidence of an underlying tort distinct from those alleged earlier. The purchase orders may show continuing damage to Agar from earlier torts, but this does not reset the statute of limitations. *Murray*, 800 S.W.2d at 828. Because the July 2009 purchase order does not support a later accrual of any of Agar's alleged underlying torts and Agar has not offered any other accrual date, we hold Agar's civil conspiracy claims all accrued at the latest on April 3, 2008, when it first filed suit against Electro's alleged co-conspirators.

### B. Discovery Rule

Agar also asserts the discovery rule, arguing its civil conspiracy claim against Electro did not accrue until March 2011, when it discovered the July 2009 sale. Agar complains that the purchase orders were not produced until March 30, 2011 although requested years earlier. Because Agar ties the accrual of its civil conspiracy claims to the July 2009 sale, it argues that the discovery rule should further toll limitations to March 2011.

The discovery rule is an exception to the general accrual rule that applies when the injury is by its nature inherently undiscoverable. *Childs v. Haussecker*, 974 S.W.2d 31, 36–37 (Tex. 1998). Where the discovery rule applies, the cause of action accrues when a reasonably diligent and careful plaintiff knows or should have known of the wrongful act and injury. *Id.* at 37.

16

Agar's contention again relies on the assumption that its civil conspiracy claim accrued with the July 2009 sale as the last overt act of the conspiracy. As we have already rejected that assumption, no basis exists for Agar's argument here. Agar's civil conspiracy claims did not accrue with the July 2009 sale regardless of when Agar discovered it.

**C**. **Application of Accrual and Limitations to Agar's Civil Conspiracy Claims**

Agar's live pleading, its seventh amended petition, alleges a civil conspiracy based on several underlying torts, including: "tortious interference with existing contracts; breach of fiduciary duty; fraud; fraud by nondisclosure; misappropriation of trade secrets; civil theft; conversion; unfair competition; trademark infringement and passing off." Agar alleges those torts as direct claims against Electro and the other defendants and as tortious actions taken pursuant to the conspiracy. Electro argues that the civil conspiracy claim only relates to misappropriation of trade secrets, but the record does not support Electro's belief. Because the various civil conspiracy claims accrued when their related underlying tortious injuries occurred, Agar's civil conspiracy claims with respect to all alleged underlying torts accrued by April 2008 at the latest. As Agar does not allege any underlying tort related to the July 3, 2009 sale different from those previously alleged, that date is irrelevant to Agar's conspiracy claims.

Agar did not add Electro to the lawsuit until November 2011. To see whether limitations has run on Agar's various civil conspiracy claims, we look to the limitations periods of the alleged underlying torts. Agar's civil conspiracy claims may not proceed to the extent they are based on torts barred by limitations. For example, misappropriation of trade secrets is subject to a three-year limitations period. TEX. CIV. PRAC. & REM. CODE § 16.010. As Agar added Electro to the lawsuit

17

more than three years after April 2008, Agar may not pursue its civil conspiracy claim on the basis of an alleged misappropriation of trade secrets. But fraud and breach of fiduciary duty are subject to a four-year limitations period. TEX. CIV. PRAC. & REM CODE § 16.004. Agar's civil conspiracy claims against Electro based on those underlying torts may not be barred. Because the record does not establish that all of the alleged wrongs underlying Agar's civil conspiracy claims are barred by limitations, we conclude the trial court erred in its application of limitations to all of Agar's civil conspiracy claims. The court of appeals therefore erred in affirming that part of the trial court's summary judgment.

### IV.  Attorney's Fees

Agar also asks us to reverse the trial court's award of $64,307.44 in attorney's fees to Electro under the Texas Theft Liability Act. *See* TEX. CIV. PRAC. & REM. CODE § 134.001–.005. Agar has alleged a civil theft claim directly against Electro. Under the Act, "each person who prevails in a suit . . . shall be awarded court costs and reasonable and necessary attorney's fees." TEX. CIV. PRAC. & REM. CODE § 134.005(b). The trial court granted Electro a no-evidence summary judgment on Agar's direct claim of theft under the Act.

In the final judgment, the trial court awarded attorney's fees "incurred as a result of defending the TTLA claim or the performance of discrete legal acts that were intertwined with defending the TTLA claim." An affidavit from Electro's attorney supported the fees award with an attached hourly record of the fees amassed during litigation and an estimation as to how much each task involved or was intertwined with Electro's defense to the civil theft claim. Agar does not challenge the trial court's segregation of the attorney's fees.

18

Agar contends, however, that a "person who prevails" under section 134.005(b) of the Act includes only plaintiffs, not defendants like Electro. We begin statutory interpretation with the statute's text. *Jose Carreras, M.D., P.A. v. Marroquin*, 339 S.W.3d 68, 71 (Tex. 2011). The inquiry ends there if "a statute's words are unambiguous and yield a single inescapable interpretation." *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 651–52 (Tex. 2006). The statute defines "person" as "an individual, partnership, corporation, association, or other group, however organized." TEX. CIV. PRAC. & REM. CODE § 134.002(1). Agar contends that this definition serves to broaden the types of plaintiffs who may sue under the Act, but nothing in the statute supports that contention. The statute also refers to potential defendants as "persons." *See id.* §§ 134.003, .005(a) (assigning liability under the Act to a "person who commits theft" or a "person who has the duty [to control] a child [who commits theft]"). The statute's command that attorney's fees be awarded to "each person who prevails" unambiguously applies to all persons, be they a prevailing plaintiff or defendant. *See id.* § 134.005(b).

Agar also contends Electro has not "prevailed on the merits" of the civil theft claim because Electro only avoided liability through the statute of limitations. This argument ignores that Electro won a no-evidence summary judgment of Agar's direct civil theft claim. A defendant "prevails" when the plaintiff loses with prejudice, whether on the merits or for some other reason. *Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011). Agar's civil theft claim against Electro has been resolved with prejudice. Electro is therefore a prevailing party with respect to that claim.

Agar next argues the affidavit supporting Electro's attorney's fees was legally defective and controverted by Agar. Agar contends the affidavit is insufficient as a matter of law because it lacks

19

an assertion that its contents are true or made under penalty of perjury. *See Humphreys v. Caldwell*, 888 S.W2d 469, 470 (Tex. 1994) ("An affidavit which does not positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge is legally insufficient."). We disagree. The challenged affidavit says it was taken upon the affiant's oath and the facts are based on his personal knowledge. An affidavit containing a statement that the affiant appeared before the notary, was duly sworn, and submitted the statement "on his oath" is legally sufficient. *Ford Motor Co. v. Leggat*, 904 S.W.2d 643, 645 (Tex. 1995).

Agar finally contends its attorney's affidavit created a fact issue on the reasonableness and necessity of the attorney's fees by reasoning that Electro won the case on limitations and therefore should have moved for summary judgment much earlier. But Electro did not win purely on limitations; only the civil conspiracy claims were subject to summary judgment on limitations. Electro won a no-evidence summary judgment against all of Agar's non-derivative tort claims, including the civil theft claim. No-evidence summary judgment is only available "[a]fter adequate time for discovery." TEX. R. CIV. P. 166a(i). The affidavit's rationale fails and offers no other support for its assertion that Electro's fees were not reasonably necessary. Accordingly, no genuine issue of material fact has been raised as to the reasonableness or necessity of Electro's attorney's fees. The trial court did not err in awarding attorney's fees to Electro under the Act.

\* \* \* \* \*

In summary, we hold that civil conspiracy is a derivative claim that takes the limitations period of the underlying tort that is the object of the conspiracy. Limitations as to both typically run simultaneously because the conspiracy and underlying tort generally accrue at the same time. As

20

pled, the underlying torts alleged in this case all accrued by April 2008. Because Electro was not joined as a party to the conspiracy until November 2011 and no underlying tort other than those previously pled was alleged in that joinder, limitations that would bar the underlying tort claims if alleged anew similarly bar the related claims of conspiracy. Thus, any conspiracy claim based on one of the underlying torts alleged in April 2008 that shares a limitation period that expired before November 2011 is barred. Finally, we hold that the Texas Theft Liability Act's provision for the award of attorney's fees to each prevailing person applies both to plaintiffs and defendants who prevail.

We affirm the court of appeal's judgment as to attorney's fees, reverse it as to those civil conspiracy claims whose underlying tort was not barred by limitations at the time of Electro's addition to the litigation, and remand the cause to the trial court for further proceedings consistent with this opinion.

_____
John P. Devine
Justice

Opinion Delivered: April 5, 2019

21